Mary Fischer v. Commissioner, Estate of Elizabeth Fischer, Deceased, John A. Fischer, Marie Reilly, Margaret McCluskey, William L. Fischer, Executors v. Commissioner.
Fischer v. Commissioner
Docket Nos. 71786, 71787.
United States Tax Court
T.C. Memo 1961-61; 1961 Tax Ct. Memo LEXIS 293; 20 T.C.M. (CCH) 318; T.C.M. (RIA) 61061; February 28, 1961
*293 Held, payments to widows by the employer of their deceased husbands pursuant to a resolution, adopted prior to the husbands' deaths, which increased the husbands' compensation "for services rendered and hereafter to be rendered by them * * * to include the payment of a pension to their respective widows," were not intended or made as gifts, but constituted taxable income. Carl F. Nitto, Esq., for the petitioners. *294 William F. Fallon, Esq., for the respondent. BRUCE Memorandum Findings of Fact and Opinion BRUCE, Judge: These consolidated proceedings involve deficiencies in Federal income taxes for the years 1953, 1954, and 1955 as follows: $704,10,00,06,12
Dkt. No Petitioner Year Deficiency 71786 Mary Fischer 1953 $1,441.04 1954 1,526.52 1955 1,429.29
71787 Estate of Elizabeth
Fischer, Deceased, et al.1953 2,458.56 1954 2,486.82 1955 2,634.59 The sole issue is whether payments to widows by the employer of their deceased husbands constitute taxable income or nontaxable gifts. Findings of Fact The stipulated facts [1] are so found and are incorporated herein by this reference. Mary Fischer, a resident of Deal, New Jersey, filed her Federal income tax returns for the years 1953, 1954, and 1955 with the district director of internal revenue, Newark, New Jersey. Elizabeth Fischer died on April 18, 1958, [2] a resident of South Orange, New Jersey. Her Federal income tax returns for the years 1953, 1954, and 1955, were filed with the district director *295 of internal revenue, Newark, New Jersey. John A. Fischer, Marie Reilly, Margaret McCluskey, and William L. Fischer are the duly appointed executors of Elizabeth Fischer, deceased. Mary Fischer, hereinafter referred to as Mary, is the widow of Frank Fischer, who died on March 12, 1949. Frank Fischer, at the time of his death, was an officer, director, and stockholder of the Fischer Banking Company. Elizabeth Fischer, *296 hereinafter referred to as Elizabeth, was the widow of Joseph Fischer, who died on October 14, 1938. Joseph Fischer, at the time of his death, was an officer, director, and stockholder of the Fischer Baking Company. Fischer Baking Company was incorporated under the laws of the State of New Jersey on May 13, 1914. It is a closely held family corporation. From its inception to the present time, it has been engaged in the production of bakery products. Joseph, Frank and George Fischer, brothers, were the principal stockholders, directors, and officers of Fischer Baking Company on October 10, 1938, and for many years prior thereto. George Fischer has continued to be a principal stockholder, director, and officer of the company to the present time. Joseph and Frank Fischer, the husbands of Elizabeth and Mary, respectively, continued as principal stockholders, directors, and officers of the company until their respective deaths. On October 10, 1938, the board of directors of the Fischer Baking Company passed a resolution by unanimous vote, providing for the payment of pensions to the widows of Joseph, Frank, and George Fischer, upon the deaths of their respective husbands. This resolution *297 provided in part: RESOLVED, that the compensation of Messrs. Joseph Fischer, Frank Fischer, and George Fischer, who are respectively the President, Vice-President, and Secretary-Treasurer of this company, for services rendered and hereafter to be rendered by them, respectively, be and it is hereby increased to include the payment of a pension to their respective widows at the rate of Fifty-two Hundred Dollars ($5,200.00) per annum, payment of each pension to commence upon the termination of the regular salary of said Joseph Fischer, Frank Fischer, and George Fischer, respectively, at or after their respective deaths, and to continue until the date of death of their respective widows. * * * There followed the enumeration of certain conditions to which the widows' pensions would be subject, including, inter alia, the following: The stockholders may, however, repeal, modify, or amend this resolution, and may reduce or terminate any such pension, by vote of two-thirds in interest of each class of stockholders entitled to vote, at a meeting duly called for that purpose. The resolution concluded with the following: FURTHER RESOLVED, that the Board of Directors deems the payment *298 of such extra compensation advisable in order to promote the sense of security and the efficiency of said officers, and directs that the same be entered on the books of account as an ordinary and necessary expense of the company's business. All the outstanding stock of the Fischer Baking Company was held by members of the Fischer family or their immediate families at the time the resolution of October 1938 was adopted. The company again considered the matter of pension payments to officers' widows at a meeting of the board of directors of the company held on October 22, 1948. The minutes of the meeting, insofar as here pertinent, read as follows: The question of the remuneration and conditions of payment in regard to officers' widows was discussed in the presence of Carl Nitto, counsel, and it was agreed to call a special stockholders meeting to clarify all the conditions and amend the by-laws. The directors all concurred and signed a waiver of notice for a special director's [directors] meeting on November 5, 1948. Notices were forwarded to the stockholders for a special meeting on November 12, 1948. On November 12, 1948, at a special meeting of stockholders, the following *299 stockholders were present: George Fischer, his daughter, Lorraine Fischer (now Lorraine Griffith), and his son-in-law, Edwin A. Weber, Frank J. Fischer, his sons Frank X. Fischer and George A. Fischer, and Joseph Fischer's sons, John A. Fischer and William L. Fischer. These stockholders ratified and confirmed the pension arrangement previously made by the company's board of directors on October 10, 1938. As a consequence of this act by the stockholders, the board of directors, at a meeting held on November 26, 1948, voted to continue the pension system as originally set up. The directors of the company as of November 26, 1948, were George Fischer, Lorraine Fischer, Edwin A. Weber, Frank J. Fischer, Frank X. Fischer, George A. Fischer, John A. Fischer, and William L. Fischer. Joseph Fischer died on October 14, 1938, leaving Elizabeth as his surviving widow. The company began making payments of $5,200 per annum to Elizabeth pursuant to the terms of the resolution adopted by the board of directors on October 10, 1938. Such payments were continued up to the time of Elizabeth's death on April 18, 1958. Frank J. Fischer died on March 12, 1949, leaving Mary as his surviving widow. In *300 accordance with and pursuant to the resolution of October 10, 1938, the board of directors of the company resolved, on March 25, 1949, to make payments of $5,200 per annum to Mary. These payments have continued up to the present time. The aforesaid payments were made to the widows of Joseph and Frank Fischer and not to the estates of these decedents. Neither Elizabeth nor Mary rendered any services in return for the pension payments made to them. The payments made to Elizabeth and Mary at the rate of $5,200 per annum were not included in their reported incomes for the years 1953, 1954, and 1955. The annual salaries of Joseph Fischer and Frank Fischer prior to their deaths were $13,000 and $25,019.80, respectively. These salaries were paid in full up to the dates of death. After the year 1946 the Fischer Baking Company did not take the amounts paid to either Elizabeth or Mary as business deductions. Opinion The sole issue presented for our determination is whether payments to two widows by their deceased husbands' former employer constitute taxable income under section 22(a), Internal Revenue Code of 1939, and the corresponding section 61, Internal Revenue Code *301 of 1954, or whether they constitute exempt gifts under section 22(b)(3), Internal Revenue Code of 1939, and the corresponding section 102, Internal Revenue Code of 1954. [3]
In the recent case of Commissioner v. Duberstein, 363 U.S. 278 (1960), the Supreme Court was concerned with what the guiding criteria should be in determining whether a transfer without consideration constitutes a "gift" within the meaning of the pertinent provisions of the Code. After noting that a voluntary executed transfer "without any consideration or compensation therefor, though a commonlaw gift, is not necessarily a 'gift' within the meaning of the statute," the Supreme Court stated (pp. 285-286): For the Court has shown that the mere absence of a legal or moral obligation to make such a payment does not establish that it is a gift. * * * And, importantly, *302 if the payment proceeds primarily from "the constraining force of any moral or legal duty," or from "the incentive of anticipated benefit" of an economic nature, * * * it is not a gift. And, conversely, "[where] the payment is in return for services rendered, it is irrelevant that the donor derives no economic benefit from it." * * * A gift in the statutory sense, on the other hand, proceeds from a "detached and disinterested generosity, * * * out of affection, respect, admiration, charity or like impulses." * * * And in this regard, the most critical consideration, as the Court was agreed in the leading case here, is the transferor's "intention." * * * "What controls is the intention with which payment, however voluntary, has been made." * * * In Estate of Mervin G. Pierpont, 35 T.C. 65 (filed Oct. 19, 1960, on appeal C.A. 4) we recently considered a question similar to the one at bar in the light of the Supreme Court's decision in Duberstein. In Pierpont we held on facts which were, if anything, more favorable to the taxpayer, that "continuation of salary" payments made to the widow of a deceased corporate officer in recognition of his services pursuant to a corporate *303 resolution adopted after his death were not intended as gifts, excludable under section 102, Internal Revenue Code of 1954. Turning to the instant facts we must ascertain the intention of the corporate employer in making the payments in light of the criteria discussed in Duberstein. The resolution of the board of directors of the Fischer Baking Company, dated October 10, 1938, which constitutes the basis for the pension payments to Mary and Elizabeth Fischer, provides: that the compensation of Messrs. Joseph Fischer, Frank Fischer, and George Fischer, who are respectively the President, Vice-President, and Secretary-Treasurer of this company, for services rendered and hereafter to be rendered by them, respectively, be and it is hereby increased to include the payment of a pension to their respective widows at the rate of Fifty-two Hundred Dollars ($5,200.00) per annum, payment of each pension to commence upon the termination of the regular salary of said Joseph Fischer, Frank Fischer, and George Fischer, respectively, at or after their respective deaths, and to continue until the date of death of their respective widows. * * *
that the Board of Directors *304 deems the payment of such extra compensation advisable in order to promote the sense of security and the efficiency of said officers, and directs that the same be entered on the books of account as an ordinary and necessary expense of the company's business. This resolution strongly emphasizes the compensatory intent underlying the payments here in issue. It speaks in terms of compensation, not in terms of donation. The resolution expressly characterizes the payments as "the compensation of [Joseph, Frank, and George Fischer] * * * for services rendered and hereafter to be rendered by them" which is "hereby increased to include the payment of a pension to their respective widows." The resolution further states that "the Board of Directors deems the payment of such extra compensation advisable in order to promote the sense of security and the efficiency of said officers." In our view, this resolution clearly reflects the dominant intention of the corporate employer to pay additional compensation in respect of the decedents' services. These payments were not gratuitously made to satisfy the employer's desire to be a benefactor; they did not spring from a "detached and disinterested *305 generosity," or "out of affection, respect, admiration, charity or like impulses." These payments were neither motivated nor measured by the needs of the widows; on the contrary, they represent amounts previously fixed without consideration of the widows' current needs. Accordingly, we hold that the payments to Mary and Elizabeth Fischer were not intended or made as gifts, but rather constitute taxable income. Support for this conclusion is found not only in the express compensatory language of the resolution, but also in the time and circumstances under which it was adopted. On October 10, 1938, when the resolution was adopted, the husbands of Mary and Elizabeth Fischer were still alive and working for the Fischer Baking Company. In this respect the instant case is to be distinguished from many pre-Duberstein cases involving a corporate resolution adopted after the husband's death. Whether the corporate resolution constitutes a legally enforceable contractual obligation on the part of the employer or not (cf. In Re Italian Cook Oil Corp., 190 F. 2d 994 (C.A. 3, 1951)), it is clear that the employer expected to and did derive an economic benefit through the promotion *306 of "the sense of security and the efficiency" of its officers and it had, at the least, a moral obligation to make the payments. Cf. Simpson v. United States, 261 F.2d 497 (C.A. 7, 1958), certiorari denied 359 U.S. 944. Decisions will be entered for the respondent. Footnotes
1. Separate but substantially identical stipulations of facts were filed in docket Nos. 71786 and 71787.↩
2. The stipulation of facts in the case of Elizabeth Fischer, docket No. 71787, lists the date of death of Elizabeth as April 8, 1959. The stipulation in the case of Mary Fischer, docket No. 71786, lists the date of death of Elizabeth as April 8, 1958. The certificate of the Surrogate of the County of Essex, State of New Jersey, dated December 12, 1958, certifies that on April 23, 1958, Elizabeth Fischer's last will and testament was admitted to probate. The motion for substitution of party petitioner in docket No. 71787, filed October 12, 1959, avers that Elizabeth Fischer died on April 18, 1958. It is clear that Elizabeth's death occurred in 1958. The exact date, whether it be April 8 or 18, is immaterial; we have adopted April 18, 1958, as the proper date.↩
3. No contention has been made that the $5,000 exclusion provided for under section 22(b)(1)(B), I.R.C. 1939 ( section 101(b), I.R.C. 1954↩) is involved, apparently for the reason that each of the widows had received in excess of that amount prior to the years in issue.